Martin Resendez Guajardo, *In Pro Per*
555 Clay Street
San Francisco, California 94111
Tel: (415) 398-3852
Fax: (415) 296-8730

FILED
APR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN RESENDEZ GUAJARDO,

    Plaintiff,

vs.

MICHAEL B. MUKASEY, United States Attorney General,
BOARD OF IMMIGRATION APPEALS,
U.S. DEPARTMENT OF HOMELAND SECURITY,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
Immigration Court,

    Defendants.

CV 08 1929 PJH

Agency Case No.: D2007-319

NOTICE OF MOTION & MOTION FOR TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION

Date: April ____, 2008
Time: _____ AM

PLEASE TAKE NOTICE that on April ____, 2008 at ____ AM/PM, or as soon thereafter as the matter will be heard, Plaintiff hereby moves this court, pursuant to Federal Rule of Civil Procedure 65, for a preliminary injunction to prevent the Defendants from enforcing the order of immediate suspension of the Plaintiff pending these proceedings in the terms set forth in the accompanying proposed order assigning the following reasons therefore:

    1.    Plaintiff is a licensed attorney in the State of California (Bar # 75605). His practice is virtually exclusively in the federal immigration arena. In an order dated March 5, 2008, the Board of Immigration Appeals ordered the Plaintiff immediately suspended from practice "before the Board, the Immigration Courts, and the DHS pending final disposition of this proceeding."

    2.    The Plaintiff submitted a comprehensive and timely response, challenging the propriety of the disciplinary proceedings and specifically requesting that the immediate suspension

1

order be set aside, in the interest of justice and for "good cause" pursuant to 8 C.F.R. §1003.103(a)(2). The Board responded by denying the request but on the basis of nothing more than circular logic.

3.  The Board abused its discretion because it did not explain why the Plaintiff failed to establish "good cause" or why it was not in the interest of justice to set aside the order. The Board stated, in effect, that the order could be set aside for "good cause" when it "appear[ed] in the interest of justice" to do so but, because the Plaintiff had resigned from the Ninth Circuit, there was no good cause to set the order aside. But that does not address the "good cause" or "interest of justice" criteria because it will always be the case that an immediate suspension is in place for some reason and to make this sufficient to deny the request to set aside the immediate suspension is essentially to eviscerate the "good cause" and "interest of justice" exemptions.

4.  The Plaintiff has already suffered irreparable injury to his reputation and will suffer further immediate and irreparable injury if the Defendants are not enjoined from enforcing the order of immediate suspension pending the conclusion of this or the disciplinary proceedings. The Plaintiff has already suffered substantial economic injury, as well as injury to his reputation. EOIR immediately published his name and the order of suspension on its website and has prominently posted the order of suspension at EOIR in San Francisco.

5.  The Plaintiff represents aliens in predicaments who have few options for representation. The complexity and seriousness of their cases leaves many of them without counsel and with only a limited number of attorneys who will accept their cases. As previously noted, the Plaintiff is well known for taking on cases that involve serious allegations of asylum and marital fraud, as well as clients who have for many years been living in the shadows under final orders of deportation and removal. Many of his clients also stand convicted of aggravated felony convictions under immigration law and rely on his expertise and his litigation strategy in having

such convictions vacated. For some of his clients, the Plaintiff's immediate suspension leaves them without representation. The right to counsel in removal proceedings has been repeatedly emphasized in the Ninth Circuit. "The importance of counsel for the alien in deportation cases has long been recognized. Over fifty years ago it was observed that in 'many cases' a lawyer acting for an alien would prevent a deportation 'which would have been an injustice but which the alien herself would have been powerless to stop.'" *Castro-O'Ryan v. U.S. INS*, 847 F.2d 1307, 1312 (9th Cir. 1988) (citation omitted). The Board made short work of disrupting the sanctity of the attorney-client relationship between the Plaintiff and his many clients. This harm is irreparable.

6.  The Plaintiff has no adequate remedy at law that can compensate for the injury suffered by this immediate suspension without due process of law. Furthermore, in accordance with F.R.C.P. 65(b), counsel certifies that he will serve this motion and all accompanying documents with the Defendants and their counsel in order to give them notice of the request. However, notice should not be required because of the continuing injury to the Plaintiff. As well, it is crystal clear that the Board abused its discretion in refusing to set aside the order of immediate suspension. Specifically, the Board's stated basis for denying the request was little more than a vacuous statement of the conclusion itself.

WHEREFORE, Plaintiff prays that this court grant a temporary restraining order and preliminary injunction pending conclusion of these proceedings.

Respectfully submitted,

Dated: April 11, 2008

MARTIN RESENDEZ GUAJARDO
*Pro Se*

3