UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN RESENDEZ GUAJARDO,

    Plaintiff,

    v.

MICHAEL B. MUKASEY, et al.,

    Defendants.
_____/

No. C 08-1929 PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

    Plaintiff Martin Resendez Guajardo is an attorney who was suspended from practice by the Board of Immigration Appeals ("BIA") on March 5, 2008. He filed this action on April 11, 2008, seeking injunctive and declaratory relief. He also filed an application for a temporary restraining order and a request for an order to show cause re preliminary injunction. Defendants are Michael B. Mukasey, Attorney General of the United States; the BIA; the U.S. Department of Homeland Security ("DHS"); the Executive Office for Immigration Review ("EOIR"), Immigration Court; and U.S. Citizenship and Immigration Services.[1]

    The court denied the motion for a temporary restraining order. Now before the court is plaintiff's motion for a preliminary injunction. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby DENIES the motion.

---

[1] The caption on the complaint lists "Immigration Court" as what appears to be a separate defendant. The "Parties" section of the complaint lists U.S. Citizenship & Immigration Services in addition to the BIA, Mukasey, and EOIR, but does not mention "Immigration Court."

**BACKGROUND**

Plaintiff, who was formerly admitted to practice as an attorney by the State of California, is currently listed on the website of the State Bar of California as "not eligible to practice law." He was admitted to the Bar of the Ninth Circuit Court of Appeals in 1983. In 1992, the Ninth Circuit suspended him from practicing in that court for six months, and the California Supreme Court also suspended him from the practice of law for one year, but stayed the suspension on the condition that he abide by the conditions of probation.

In 1996, the Ninth Circuit suspended him for two years. In 1998, the California Supreme Court imposed another one-year stayed suspension, with a one-year term of probation, based on the Ninth Circuit's 1996 suspension. Plaintiff was readmitted to practice before the Ninth Circuit in 1999, and since that time has filed more than 500 petitions for review.

On April 2006, the Ninth Circuit issued an order to show cause ("OSC") why plaintiff should not be sanctioned, suspended, or disbarred for repeated violations of the court's rules and orders and the rules of professional conduct, and for conduct unbecoming a member of the Ninth Circuit's bar.

The OSC listed numerous violations of the court's rules, including instances of failure to prosecute and defective motions for extensions of time to file briefs. The court also noted that in at least fourteen matters, plaintiff had not filed a response to a motion by the government to summarily deny or dismiss a petition for review; that seven petitions had raised frivolous issues or asserted jurisdiction where the court had none; that six matters contained frivolous or predominantly frivolous arguments; and that in at least six other cases, the court files showed that plaintiff had failed to represent his clients effectively.

On May 11, May 24, and June 23, 2006, plaintiff (represented by counsel) made a first, a second, and a third request for an extension of time to file a response to the OSC. Also on June 23, 2006, he filed a pro se motion to dismiss the OSC, arguing that it had been "improvidently issued" and requesting that it be reassigned to a "wholly impartial panel." The Ninth Circuit granted the requests for an extension, but denied the motion to

2

dismiss on the ground that plaintiff was represented by counsel.

On July 31 and August 30, 2006, plaintiff (still represented by counsel) filed a fourth and a fifth request for an extension of time to file a response to the OSC. On September 30, 2006, the Ninth Circuit granted the fifth request, but indicated that no further extensions would be allowed. On October 2, 2006 (still represented by counsel), plaintiff filed a sixth request for an extension of time to respond. On October 5, 2006, the Ninth Circuit denied the sixth request.

On October 26, 2006, plaintiff entered his appearance pro se (stating that his attorneys had withdrawn), and asked for reconsideration of the denial of the sixth request for an extension. He also moved again to dismiss the OSC, and asked the court to appoint a "special prosecutor" and vacate the schedule for responding to the OSC. On October 27, 2006, plaintiff filed a 210-page response to the OSC.

On October 30, 2006, the Ninth Circuit granted plaintiff's motion for reconsideration. On December 6, 2006, the court denied the motion to dismiss or appoint a special prosecutor. The court also denied plaintiff's request to have a three-judge panel conduct his disciplinary hearing. Plaintiff then requested discovery from the Ninth Circuit. On March 8, 2007, the court responded to the request for discovery, and also amended the OSC to allege additional instances of inadequate representation.

On March 26, 2007, plaintiff's new counsel entered an appearance. On the same date, new counsel filed an "emergency motion" for additional time to respond to the amendment to the OSC. The court granted the "emergency motion." On April 16, 2007, plaintiff filed a supplementary response to the OSC, and also filed a response to the amendment to the OSC. On April 17, 2007, the Ninth Circuit ordered plaintiff to appear for a disciplinary hearing on May 10, 2007. On April 30, 2007, the court granted plaintiff's motion to continue the hearing date, and ordered plaintiff to appear on June 26, 2007.

On June 26, 2007, plaintiff tendered his resignation from the bar of the Ninth Circuit. On the same date, the Ninth Circuit held a disciplinary hearing before Commissioner Peter Shaw. At the hearing, plaintiff requested the court to accept his resignation.

On July 2, 2007, Commissioner Shaw issued a Report and Recommendation ("R&R"). The R&R noted that in response to the original OSC, plaintiff had disputed some of the allegations, but had admitted that he had filed untimely motions for extensions of time and had not complied with the court's rules. In addition, plaintiff did not dispute that he had filed late opening briefs, or that the failure to file an opening brief in one case had resulted in a dismissal. The Commissioner summarized his findings – that plaintiff had not represented his clients competently, had filed claims over which the court clearly lacked jurisdiction, and had misrepresented the law in certain cases.

The Commissioner recommended accepting plaintiff's resignation, and prohibiting plaintiff from filing any new petitions, appeals, or other matters in the Ninth Circuit; recommended imposing certain reporting requirements on plaintiff; and also recommended imposing sanctions in the amount of $5000.

On August 10, 2007, the State Bar of California issued an amended notice of disciplinary charges against plaintiff, alleging various instances of failure to return unearned fees, failure to provide accounts to a client, failure to release a file, failure to perform with competence, failure to inform a client of a significant development, and at least one instance of charging an unconscionable fee of $25,000.

On August 20, 2007, plaintiff (through counsel) filed with the Ninth Circuit a 27-page objection to the Commissioner's R&R. On August 31, 2007, plaintiff (through different counsel) filed a response to the State Bar's notice of disciplinary charges.

On November 1, 2007, the Ninth Circuit adopted the R&R in part, and accepted plaintiff's resignation. The court noted that several of plaintiff's objections to the reporting requirement had merit, but overruled plaintiff's other objections. The court found that plaintiff had admitted violations of the court's rules and orders. On November 15, 2007, plaintiff moved for reconsideration, or, in the alternative, for a panel hearing. On January 30, 2008, the Ninth Circuit denied both requests.

On February 14, 2008, the Office of General Counsel for the EOIR petitioned for plaintiff's immediate suspension from practice before the BIA and the Immigration Courts.

4

EOIR issued a notice of intent to discipline, which set forth factual allegations and grounds for discipline. On February 20, 2008, DHS asked that plaintiff be similarly suspended from practice before that agency.

On March 5, 2008, the BIA granted the petitions, and ordered that plaintiff be suspended pending final disposition of disciplinary proceedings. Plaintiff requested that the order be set aside, asserting that there was "an infirmity of proof establishing the [his] misconduct," that "imposition of discipline by the adjudicating official would result in grave injustice," and that the "underlying disciplinary proceeding was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process."

On March 18, 2008, plaintiff filed a response to the EOIR's petition, and requested a hearing. On March 20, 2008, plaintiff signed a statement of resignation from the State Bar "with charges pending."[2] On March 26, 2008, the BIA denied plaintiff's motion for reconsideration of the March 5, 2008, order, noting that "as [plaintiff] has resigned from the Ninth Circuit bar, after admitting violations of the court's orders and rules . . . there is no good cause for setting aside the immediate suspension order." The BIA forwarded the record to the Office of the Chief Immigration Judge for a hearing on the charges in the notice of intent to discipline.

On April 11, 2008, plaintiff filed the present action. The complaint seeks "review of agency action" under 5 U.S.C. §§ 704-706, and also alleges that the BIA's order of suspension amounted to an unlawful taking without due process. Plaintiff initially sought a temporary restraining order enjoining the defendants from enforcing the March 5, 2008, order, and reversing the March 26, 2008, order denying the request to set aside the immediate suspension.

---

[2] A copy of this statement is attached as Exhibit OO to the Declaration of Melanie Proctor in support of defendants' opposition. In the complaint that initiated the present action, which was filed on April 11, 2008, plaintiff alleged that he "is an attorney admitted to the State Bar of California on December 9, 1977" and that "[a]t the time of the filing of this petition, he remains a member of the bar and may practice law in California" (citing the State Bar website). Cplt. ¶ 3. The State Bar website shows that plaintiff tendered his resignation with charges pending on April 17, 2008.

5

On April 11, 2008, the court denied the request for the TRO, on the ground that plaintiff was not seeking to preserve the status quo pending a determination on the merits, but was instead seeking a mandatory injunction that would alter the status quo by commanding the BIA to reverse its suspension order. In effect, the TRO was a request for an order granting the ultimate relief plaintiff seeks in this action.

The court set a May 21, 2008 hearing date for the motion for preliminary injunction. Plaintiff's initial memorandum of points and authorities was filed in support of both the request for the TRO and the motion for preliminary injunction, so he filed no additional papers. Defendants filed an opposition on April 30, 2008. The reply brief was due on May 7, 2008, but none has been filed.

**DISCUSSION**

A.  Statutory and Regulatory Background

On March 1, 2003, DHS, which now includes the Bureau of Customs and Border Protection ("CBP"), the Bureau of Immigration and Customs Enforcement ("ICE"), and the Bureau of Citizenship and Immigration Services ("USCIS"), assumed responsibility for administration and enforcement of immigration laws. References in immigration laws and regulations to "the [Immigration and Naturalization] Service" mean CBP, ICE and USCIS. 8 C.F.R. § 1.1(c).

EOIR, which includes the BIA and the Office of the Chief Immigration Judge, remained within the Department of Justice. The Attorney General retained the authority and functions under the Immigration and Nationality Act as were exercised by EOIR prior to March 1, 2003. 8 U.S.C. § 1103(g)(1). Thus, the Attorney General has the authority to establish such regulations as he deems necessary to carry out this section. Id. § 1103(g)(2).

DHS and EOIR define an attorney as

> any person who is a member of good standing of the bar of the highest court of any State . . . and is not under any order of any court suspending, enjoining, restraining, disbarring, or otherwise restricting him in the practice of law.

6

8 C.F.R. §§ 1.1(f), 1001.1(f). Both the BIA and the Office of the Chief Immigration Judge allow representation of applicants or petitioners by such attorneys. Id. §§ 103.2(a)(3), 1003.16(b).

Attorneys who appear before these agencies are subject to the agencies' rules of professional conduct. Id. §§ 292.3, 1003.101. The BIA may impose sanctions "if it finds it to be in the public interest to do so." Id. § 1003.101. The regulations include a list of grounds for which an attorney "shall" be subject to disciplinary sanctions, including resignation with an admission of misconduct from a federal court. Id. § 1003.102.

Each agency's regulations set forth procedures for immediate suspension and summary discipline proceedings. The Offices of General Counsel of the Service and EOIR

> shall file a petition with the [BIA] to suspend immediately from practice before the [BIA] and the Immigration Courts . . . any practitioner who has been disbarred or suspended on an interim or final basis by, or has resigned with an admission of misconduct from the highest court of any state, possession, territory, commonwealth, or the District of Columbia, or any Federal Court.

Id. §§ 292.3(c)(1), 1003.103(a)(1). If such a petition is filed with a record that the petitioner has been disciplined or has resigned, the BIA "shall forthwith enter an order immediately suspending the practitioner from practice before the [BIA], the Immigration Courts, and/or the Service." Id. §§ 292.3(c)(2), 1003.103(a)(2).

Once the BIA suspends a practitioner, both the Service's and EOIR's Offices of General Counsel "shall promptly initiate summary disciplinary proceedings." Id. §§ 292.3(c)(3), 1003.103(b). The proceedings are initiated by a notice of intent to discipline, accompanied by a certified copy of the judgment, order, and/or record evidencing the underlying conviction, discipline, or resignation, and conducted in accordance with the procedures set forth in both agencies' regulations. Id.

In both proceedings, a certified copy of a judgment or order for discipline "shall establish a rebuttable presumption of professional misconduct." Id. §§ 292(c)(3)(ii), 1003.103(b). Disciplinary sanctions "shall" follow in such a proceeding unless the attorney can rebut the presumption by demonstrating that the underlying disciplinary proceedings constituted a deprivation of due process, that there was an extreme "infirmity of proof"

establishing the attorney's misconduct, or that the imposition of discipline by the adjudicating official would result in grave injustice. Id.

B.   Legal Standard

To prevail on a motion for preliminary injunction, plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief can be granted if the plaintiff merely "demonstrate[s] . . . a combination of probable success on the merits and the possibility of irreparable injury." Id.

C.   Plaintiff's Motion for Preliminary Injunction

Plaintiff contends that he has established a likelihood of success on the merits by showing that the BIA abused its discretion. He asserts that the BIA (or any federal agency) abuses its discretion when it makes a discretionary determination in which it provides no rational explanation, or inexplicably departs from established policies, or which is devoid of any reasoning or contains only summary or conclusory statements.

Plaintiff claims that the BIA abused its discretion by failing to provide any reason for its conclusion that plaintiff failed to demonstrate "good cause" to set aside the order of immediate suspension. He claims that the BIA's statement of reasons was "circular," as it essentially asserted, first, that he was immediately suspended because he had resigned from the Ninth Circuit bar; second, that the order could be set aside if he could demonstrate that it was in the interests of justice to do so; and third, that because he had resigned, there was no good reason for setting aside the order. He also complains that the BIA failed to address the arguments he raised in his 20-page request to set aside the order. Based on this, he contends that he has established a likelihood of success on the merits.

Plaintiff also argues that he has established possible irreparable injury. He asserts that because his legal practice consisted entirely of representing clients before the immigration courts, the BIA's order amounts to a "complete deprivation of his livelihood."

8

He asserts that this loss of livelihood is more than a mere economic loss, as even if he is reinstated at some point, his former clients will have obtained new counsel. He also contends that the order of suspension has done irreparable injury to his reputation and standing in the immigrant community.

Finally, he contends that the balance of hardships tips sharply in his favor, and that the strength of his claims on the merits lessens his need to show irreparable harm.

In opposition, defendants first provide a lengthy summary of the lengthy history of plaintiff's numerous run-ins with the Ninth Circuit, and with the State Bar and California Supreme Court, regarding his violations of court rules and procedures and his failure to competently perform legal services (as set forth above, in an abbreviated version).

Defendants then make three main arguments – that the motion should be denied as moot; that granting the motion would provide all the relief sought in the complaint; and that the motion should be denied on the merits.

Defendants' first argument is that the motion should be denied as moot. They assert that because plaintiff is no longer a member of good standing of the California Bar, having resigned on April 17, 2008, he is no longer eligible to practice before EOIR or DHS. Thus, there is no relief that can be provided, and the complaint is moot.

Second, defendants argue that granting the preliminary injunction would provide plaintiff with all the relief he seeks in the complaint, and would actually disturb the status quo, rather than preserve it.

Third, defendants contend the motion should be denied on the merits, because plaintiff is unlikely to prevail and cannot show the existence of irreparable harm, does not raise serious questions on the merits, and cannot show that the balance of hardships tips in his favor.

They argue that plaintiff is unlikely to prevail because the record demonstrates that the BIA decision was in accordance with applicable regulations, and that plaintiff cannot show that he has rebutted the presumption of professional misconduct. They also contend that because plaintiff has resigned from the California Bar, he is no longer eligible to

9

practice law.  Thus, his argument that the suspension "deprives him of a livelihood" is unavailing, and he cannot show irreparable injury.

Finally, defendants assert that plaintiff has not raised any serious questions on the merits, and also has not shown that the balance of hardships tips in his favor.

The court finds that the motion must be DENIED, for the reasons argued by defendants.  In particular, as plaintiff is no longer a person who is "a member of good standing of the bar of the highest court of any State" and is under an order of a court "suspending, enjoining, restraining, disbarring, or otherwise restricting him in the practice of law," 8 C.F.R. §§ 1.1(f), 1001.1(f), he is not qualified to practice as an attorney before the BIA or the Immigration Courts.

Thus, plaintiff has not raised any serious questions on the merits, and cannot show that the balance of hardships tips in his favor.  Moreover, granting a motion for preliminary injunction would actually disturb the status quo, rather than preserve it.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion is DENIED.  The date for the hearing on the motion, previously set for Wednesday, May 21, 2008, is VACATED.

As there appears to be nothing left in the case to litigate, the court invites defendants to file a request for dismissal and a proposed order.  If plaintiff wishes to respond, he may do so within 14 days following the filing of the request.  The court will consider the matter and issue a ruling on the papers.

**IT IS SO ORDERED.**

Dated: May 9, 2008

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN R GUAJARDO,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHAEL B MUKASEY et al,<br><br>            Defendant._____/ | Case Number: CV08-01929 PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Martin Resendez Guajardo
555 Clay Street
San Francisco, CA 94111

Dated: May 9, 2008

                                        Richard W. Wieking, Clerk
                                        By: Frank Justiliano, Deputy Clerk